UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEVINGSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00218-SKO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 8) |

Plaintiff Byron Levingston is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Following screening, the Court determined Plaintiff's original complaint failed to state a claim upon which relief could be granted. (Doc. 7.) Plaintiff was given leave to file a first amended complaint. (*Id*. at 13-14.)

Plaintiff filed his first amended complaint on May 13, 2024. (Doc. 9.) That same date, Plaintiff filed a request for the appointment of counsel. (Doc. 8.) The Court now considers Plaintiff's request for counsel.

**II.    DISCUSSION**

Plaintiff requests the appointment of counsel because he is indigent and unable to afford counsel. (Doc. 8.) He asserts counsel should be appointed "so that [his] interests may be protected

by the professional assistance required." (*Id.*)

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff's original complaint did not state a claim upon which relief could be granted, and Plaintiff's first amended complaint has not yet been screened. Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature. Further, a likelihood of success on the merits' determination is not the same as that required at screening. At screening, the Court must determine whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested at screening as factual allegations are deemed to be true for purposes of screening. Therefore, a determination regarding the likelihood of success on the merits cannot be made. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) (same).

Next, the Court must also evaluate Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. A brief review of Plaintiff's first amended complaint reveals that Plaintiff attempted to comply with the Court's First Screening

Order by curing the deficiencies identified therein.[1] The Court also finds Plaintiff's claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Arroy v. Jeffries*, No. 23-1129, 2023 WL 3010154, at *4 (C.D. Ill. Apr. 19, 2023) (denying motion for appointment of counsel and finding "Plaintiff's failure to protect claim is not complex").  Therefore, the Court finds that Plaintiff is able to articulate his claims in light of their complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Plaintiff is advised that the fact an attorney may be better able to perform research,

---

[1] The first amended complaint will be screened in due course.

investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion or request for the appointment of counsel (Doc. 8) is **DENIED**.

IT IS SO ORDERED.

Dated:  **May 29, 2024**                      /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

4