UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEVINGSTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No.: 1:24-cv-00218-SKO<br><br>**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**<br><br>(Doc. 17) |

Plaintiff Byron Levingston is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants San Antonio and Pfeiffer, and Eighth Amendment failure to protect claim against Defendant San Antonio.

**I.　　BACKGROUND**

After screening, the Court issued its Order Finding Service Appropriate on April 18, 2025. (Doc. 14.) Service was to proceed under the Court's e-service pilot program. (*Id*. at 2.)

On May 28, 2025, the California Department of Corrections and Rehabilitation (CDCR) file its Notice of E-Service Waiver form, indicating Defendants' intent to waive personal service. (Doc. 16.)

On June 4, 2025, Plaintiff filed a Request for Entry of Default. (Doc. 17.)

//

**II.　　DISCUSSION**

In his request, Plaintiff asks the Clerk of the Court to enter the Defendants' default, asserting that although more than 21 days have passed since service of the summons and complaint, Defendants have failed "to plead or otherwise defend" themselves in this action. (Doc. 17.) A clerk's entry of default is not appropriate in this case.

As outlined in this Court's order of April 18, 2025, service of process in this case "shall proceed under the Court's e-service pilot program for civil rights cases in the Eastern District of California." (*See* Doc. 14 at 2.) The order explains that service documents will be provided to the CDCR and the California Attorney General's Office, and that "[i]f those entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service." (*Id*.) Thereafter, certain deadlines are set for service under the e-service pilot program, including a 40-day deadline within which the CDCR is to file a notice of e-service waiver form, a 30-day deadline for the filing of a waiver of service of process for any defendant by the California Attorney General's Office, and deadlines associated with actions to be taken by the United States Marshal. (*Id.* at 2-4.)

Here, the CDCR timely filed its notice of e-service waiver form on May 28, 2025, indicating Defendants Pfeiffer and San Antonio intend to waive personal service. (Doc. 16.) Therefore, California Attorney General's Office has until June 27, 2025, to file waivers of service of process for Defendants. (*See* Doc. 14 at 2, ¶ 6.) Presuming the waivers of service are timely filed, Defendants will be required to respond to Plaintiff's operative complaint within 60 days, or by August 26, 2025. (*Id*.) In sum, Defendants have not failed "to plead or otherwise defend" in this action. *See also* Fed. R. Civ. P. 4(d).

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that Plaintiff's request for entry of default (Doc. 17) is **DENIED**.

IT IS SO ORDERED.

Dated:     **June 9, 2025**                          /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE