1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    BYRON LEVINGSTON,                        Case No.: 1:24-cv-00218-JLT-SKO

12                    Plaintiff,               **ORDER STRIKING PLAINTIFF'S**
                                               **UNTIMELY OPPOSITION AND DEEMING**
13          v.                                 **DEFENDANTS' PENDING MOTION**
                                               **UNOPPOSED AND SUBMITTED**
14    CHRISTIAN PFEIFFER, et al.,
                                               (Doc. 34)
15                    Defendants.

16

17          Plaintiff Byron Levingston is proceeding pro se and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment

19   deliberate indifference to serious medical needs claim against Defendants Pfeiffer and San

20   Antonio, and Eighth Amendment failure to protect claim against Defendant San Antonio.

21          I.      **INTRODUCTION**

22          On September 4, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis*

23   (IFP) status on the grounds he had accumulated six "strikes" and faced no imminent danger.

24   (Doc. 24.) On September 11, 2025, Defendants filed an answer to Plaintiff's operative complaint.

25   (Doc. 26.)

26          On October 9, 2025, Plaintiff filed a document titled "Motion for Extension of Time

27   Plaintiff Seek 45-Day Extension." (Doc. 28.) Plaintiff sought an extension of the deadline for

28   filing an opposition to Defendants' motion to revoke his IFP status. (*Id.*)

On October 14, 2025, the Court issued its Order Granting <u>in Part</u> Plaintiff's Motion for an Extension of Time. (Doc. 31, emphasis in original.)  The Court granted a 28-day extension — to October 23, 2025[1] — and advised Plaintiff that any further request for an extension of time must be accompanied by a showing of extraordinary good cause. (*Id*. at 2.)

On January 6, 2026, Plaintiff filed a motion for leave to file a second amended complaint[2] (Doc. 32), [3] and his opposition to Defendants' motion to revoke IFP (Doc. 34). Because Plaintiff's opposition is untimely, it will be stricken, and Defendants' motion will be deemed unopposed and submitted.

## II.    DISCUSSION

Plaintiff's opposition to Defendants' motion to revoke IFP was due no later than "**October 23, 2025**." (*See* Doc. 31, emphasis in original.) Therefore, Plaintiff's opposition is untimely by 75 days.

The Court notes Plaintiff's opposition is dated and signed October 3, 2025. (*See* Doc. 34 at 4-5.)[4] However, the document was not received by the Court until January 6, 2026, and is not accompanied by a proof of service.

As Plaintiff was previously advised: "Absent good cause, all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good reason for the request." (*See* Doc. 2 at 5.)[5] Further, Plaintiff was also advised that "for purposes of application of the 'Mailbox Rule' …, on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over

---

[1] The new deadline was calculated from September 25, 2025 – the original deadline for any opposition or statement of non-opposition. *See* Local Rule 230(*l*).

[2] Following completed briefing (*see* Local Rule 230(*l*)), Plaintiff's motion for leave to amend will be decided in due course.

[3] The proposed second amended complaint was lodged with the Court. (*See* Doc. 33.)

[4] The Court notes too that the opposition is dated just two days after Plaintiff served his earlier request for a 45-day extension. (*See* Doc. 28 at 2.)

[5] Plaintiff was also advised that a failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules "will be grounds for imposition of sanctions which may include dismissal of the case." (Doc. 2 at 1.)

to prison authorities. *A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed*. A sample Proof of Service form is attached to this Order." (*See id*. at 4, italics added.)

Plaintiff offers no explanation for his untimely filing and has not sought a further extension of the October 25, 2025, deadline. Plaintiff may not simply ignore this Court's orders and Local Rules. To avoid any future submission being stricken or returned, Plaintiff's future filings shall be timely filed and accompanied by the required proof of service. Plaintiff is reminded that a failure to comply with the applicable rules and this Court's orders could result in the dismissal of this action.

**III.    CONCLUSION AND ORDER**

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's opposition filed January 6, 2026 (Doc. 34) is **STRICKEN** as untimely;

2. Defendants' pending motion to revoke IFP status (Doc. 24) is **DEEMED** unopposed and submitted; and

3. The undersigned will issue findings and recommendations concerning Defendants' pending motion in due course.

IT IS SO ORDERED.

Dated:  __**January 8, 2026**__                    __*/s/ Sheila K. Oberto*__
                                             UNITED STATES MAGISTRATE JUDGE