UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON LEVINGSTON,

          Plaintiff,

    v.

CHRISTIAN PFEIFFER, et al.,

          Defendants.

Case No.: 1:24-cv-00218-JLT-EGC (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION**

(Doc. 36)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**

(Doc. 24)

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

(Doc. 32)

Plaintiff Byron Levingston is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.   RELEVANT BACKGROUND

On September 4, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status, contending he has incurred three or more strikes and did not meet the imminent danger exception at the time he filed his complaint in this action. (Doc. 24.)

On October 9, 2025, Plaintiff filed a motion for a 45-day extension of time. (Doc. 28.)

On October 14, 2025, the Court issued its Order Granting <u>In Part</u> Plaintiff's Motion for an Extension of Time. (Doc. 31, emphasis in original.) The Court determined Plaintiff had not established good cause for a 45-day extension and instead extended the deadline to file an opposition to Defendants' motion by 28 days, to "**October 23, 2025**." (*Id*. at 2, emphasis in original.)

On January 5, 2026, Plaintiff filed a motion for leave to file a second amended complaint (Doc. 32) and lodged the second amended complaint (Doc. 33) with the Court. That same date, Plaintiff's filed his opposition to Defendants' motion to revoke IFP status. (Doc. 34.)

On January 8, 2026, the Court issued its Order Striking Plaintiff's Untimely Opposition and Deeming Defendants' Pending Motion Unopposed and Submitted. (Doc. 35.)

On January 21, 2026, Plaintiff filed a "Motion for Reconsideration and/or Relief from January 8, 2026 Order Striking Plaintiff's Opposition …; Request to Accept and Consider Opposition; and Opposition to Motion to Revoke IFP." (Doc. 36.)

On January 26, 2026, Defendants filed their opposition to Plaintiff's motion to amend the complaint. (Doc. 37.)

On February 2, 2026, Defendants filed their opposition to Plaintiff's motion for reconsideration. (Doc. 38.)

On February 9, 2026, Plaintiff filed a reply to Defendants' opposition to his motion seeking leave to amend his complaint. (Doc. 39.)

On February 26, 2026, Plaintiff filed a reply to Defendants' opposition to his motion for reconsideration. (Doc. 40.)

On May 4, 2026, this action was reassigned to the undersigned following the retirement of the previously assigned magistrate judge. (Doc. 41.)

**II.     DISCUSSION**

The undersigned will begin with Plaintiff's motion for reconsideration, then proceed to address Defendants' motion to revoke IFP status and Plaintiff's motion for leave to file an amended complaint.

2

***Plaintiff's Motion for Reconsideration (Doc. 36)***

Plaintiff seeks reconsideration of this Court's January 8, 2026, Order, striking his opposition submitted January 5, 2026, as untimely.[1]

<u>Plaintiff's Arguments</u>

Plaintiff argues the Court should "[a]ccept and consider" his opposition for "excusable neglect / good cause," consider his opposition to Defendants' motion to revoke IFP status, and deny Defendants' motion because he "qualified under 28 U.S.C. § 1915(g)'s imminent danger exception as of the filing date February 20, 2024." Plaintiff argues a proof of service "dated December 29th, 2025 existed and was included with the opposition packet, and that packet was mailed with USPS tracking." Further, Plaintiff contends "extraordinary medical circumstances, culminating in an emergency diagnosis of necrotizing fasciitis and an above-knee amputation, support relief from the strike and demonstrate why the Court should decide the IFP issue on the merits."

More specifically, Plaintiff objects to the Court's January 8, 2026, Order striking his opposition as untimely pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. He maintains the Court's finding of "'no proof of service' … is factually incorrect in light of the evidence now submitted." Plaintiff asserts a proof of service dated December 29, 2025, and states: "If the proof-of-service page was separated or not docketed with ECF No. 34, that reflects a processing omission, not a lack of service or certification" and the Court should "correct the record and remove that stated basis for striking" his opposition to Defendants' motion to revoke IFP status.

Next, Plaintiff states his delay was not willful. He contends he has a "severe, progressive medical condition involving chronic infection and later catastrophic deterioration requiring emergency surgery and amputation," and notes that was the basis upon which he sought leave to amend. Plaintiff maintains that by striking his opposition and deeming Defendants' motion unopposed, the Court is effectively denying "meaningful consideration of a dispositive issue

---

[1] To the extent Plaintiff's motion for reconsideration includes his opposition to Defendants' motion to revoke (*see* Doc. 36 at 5-7), the Court omits those arguments for purposes of this discussion.

based on a curable defect and timing complication." He argues Defendants will not be unfairly prejudiced if the Court considers his opposition.

Plaintiff asks the Court to "set aside or modify" its order striking his opposition, accept the opposition for consideration, treating "it as filed nunc pro tunc to the date it was mailed/served," or, in the alternative, to allow him to "refile the opposition immediately with Exhibits A-B attached so the record is complete."

Defendants' Opposition

Defendants contend the Court should deny Plaintiff's motion for reconsideration because the December 2025 proof of service is not new evidence and it confirms his opposition was untimely. Citing Rule 60(b) of the Federal Rules of Civil Procedure, Defendants argue the December 2025 proof of service does not establish Plaintiff's opposition was timely filed because any opposition was due October 23, 2025; thus, Plaintiff's own evidence shows the opposition was untimely and provides no basis for reconsideration. Defendants ask the Court to deny Plaintiff's motion for reconsideration and to consider their motion to revoke IFP as unopposed.

Plaintiff's Reply

Plaintiff contends Defendants have identified "no prejudice from consideration of Plaintiff's opposition" and argues the Court "should apply the least drastic and most equitable remedy: permit Plaintiff to cure any proof-of-service omission and decide Defendants' IFP revocation motion on the merits." Plaintiff maintains that Defendants "do not claim they lacked notice of Plaintiff's filings or that they were prejudiced." Plaintiff contends his "request is narrower and case-management focused" and therefore Defendants' characterization of his reconsideration motion under Rule 60(b) is improper and ignores this Court's discretion to prevent a manifest injustice. Plaintiff argues he was diligent by serving Defendants with "multiple litigation documents" on October 6, 2025. He identifies those documents as including a motion to compel discovery, interrogatories to Defendants Pfeiffer and San Antonio, and his opposition to their motion to revoke IFP status. Plaintiff argues Rule 61 requires the Court to "disregard errors and defects that don't affect a party's substantial rights" and that Defendants' rights were not substantially affected by "a proof-of-service page not being docketed or being separated from the

4

submission." Plaintiff states he "is not asking the Court to ignore deadlines," but rather "to correct an inaccurate/incomplete premise and to permit cure where proof of service existed and is now provided." He asks the Court to "withdraw or modify" its previous order, accept his "opposition as cured … or grant[] leave for Plaintiff to refile" his opposition immediately.

Applicable Legal Standards

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Rule 72 of the Federal Rules of Civil Procedure provides:

5

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "[T]he magistrate's decision on a non-dispositive issue will be reviewed by the district judge under the clearly erroneous standard." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).

<u>Analysis</u>

Under either Rule 60 or Rule 72, Plaintiff's motion for reconsideration should be denied. At bottom, Plaintiff's motion for reconsideration asks the Court to excuse Plaintiff's unacknowledged mistake – failing to file an opposition to Defendants' motion to revoke IFP status no later than October 23, 2025. Initially, Plaintiff argued his December 25, 2025, proof of service established that his opposition to Defendants' motion was timely, inferring the opposition was served on the Court and that the Clerk's Office failed to process his filing correctly. When Defendants pointed out that Plaintiff's own evidence, the December 2025 proof of service, revealed the submission was untimely because any opposition was due by October 23, 2025, Plaintiff contended he was diligent because he served Defendants with "multiple litigation documents" on October 6, 2025. Be that as it may, Plaintiff did not *file* an opposition to Defendants' motion to revoke IFP on or before October 23, 2025. A proof of service from December 2025 does not assist Plaintiff here. Plaintiff's motion offers no explanation for this failure beyond an assertion that serving Defendants with "litigation documents" on October 6, 2025, suffices to excuse his failure to file an opposition with the Court as expressly ordered on October 14, 2025. Not so. Plaintiff has failed to "demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749. Plaintiff has not presented newly discovered evidence, established this Court committed clear error, or shown any intervening change in the law; there are simply no highly unusual circumstances warranting the relief Plaintiff seeks. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

6

Plaintiff has not established this Court's January 8, 2026, order striking his opposition as untimely should be modified or set aside. Nothing in Plaintiff's motion establishes the Court clearly erred by striking his opposition as untimely, nor has he shown the Court's determination is contrary to law. Fed. R. Civ. P. 72(a); *Bhan*, 929 F.2d at 1414. The then assigned magistrate judge explained the basis for her ruling (*see* Doc. 35 at 2-3) and Plaintiff's instant motion fails to establish the ruling was clearly erroneous.

In sum, the undersigned will recommend Plaintiff's motion for reconsideration be denied.

### *Defendants' Motion to Revoke IFP Status (Doc. 24)*

Defendants contend Plaintiff has incurred three or more strikes and did not meet the imminent danger exception when he filed a complaint in this matter. They ask the Court to revoke Plaintiff's IFP status and to require he pay the filing fee in full for this action.

### Applicable Legal Standards

In forma pauperis status may be acquired and lost during the course of litigation. *Stehouwer v. Hennessey*, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal IFP if the prisoner has brought three or more actions or appeals, while incarcerated, that were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted, unless the prisoner was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *see Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999). Section 1915(g) should be used to deny a prisoner's IFP status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" *Id.*, at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. *Id*. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). *Id*.

Once a prisoner-plaintiff has accumulated three strikes, he or she cannot proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, n.11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any as-yet-undeveloped conditions. *See Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed IFP." *Id*.

Analysis

Defendants have met their burden of producing documentary evidence that allows this Court to conclude Plaintiff has accumulated at least three strikes. Specifically, Defendants contend Plaintiff accumulated the following strikes: (1) *Levingston v. Plummer*, Case No. 94-4020 VRW (N.D. Cal. filed Nov. 18, 1994) (dismissed for failure to state a claim); (2) *Levingston*

8

*v. Plummer*, Case No. 94-4295 VRW (N.D. Cal. filed Dec. 15, 2004) (dismissed for being duplicative); (3) *Levingston v. Plummer*, Case No. 95-3143 VRW (N.D. Cal. filed Sept. 7, 1995) (dismissed for failure to state a claim); (4) *Levingston v. Plummer*, Case No. 95-3249 VRW (N.D. Cal. filed Sept. 15, 1995) (dismissed for being duplicative); (5) *Levingston v. Plummer*, Case No. 94-4021 VRW (N.D. Cal. filed Nov. 18, 1994) (dismissed with leave to amend for failure to state a claim, and ultimately dismissed without filing an amended complaint); and (6) *Levingston v. Plummer*, Case No. 94-4022 VRW (N.D. Cal. filed Nov. 18, 1994) (same)). *Andrews*, 398 F.3d at 1120; *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Shifting the burden to Plaintiff to explain why a prior dismissal should not count as a strike, Plaintiff fails to meet his burden. Nor does it appear Plaintiff could successfully challenge the validity of any dismissal noted above.

Accordingly, the relevant question is whether Plaintiff adequately alleged he was in imminent danger at the time the complaint was filed. *Andrews*, 493 F.3d at 1051-52.

In the complaint, Plaintiff asserts he underwent a total knee replacement surgery on August 12, 2022, that he was ordered to return to work on October 7, 2022, contrary to a medical lay-in order, and that, because he was required to work, his right knee or leg became infected, necessitating a second surgery on February 27, 2023. Plaintiff's allegations simply do not indicate he faced an imminent danger of serious physical injury on February 20, 2024 – the date he filed his complaint. To the contrary, the original complaint alleges any imminent danger of serious physical injury existed, as Plaintiff states, "[b]etween 1st and 2nd surgery" because the "infection worsened" and he was "rushed" to the hospital for further treatment. And no facts alleged pertain to the period after February 27, 2023.

In short, Plaintiff has at least three strikes and did not meet the imminent danger of serious physical injury exception at the time he filed his complaint in this action. *Andrews*, 398 F.3d at 1120-21; *Lewis*, 279 F.3d at 531; *Bradford v. Usher*, No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action"). Therefore, the Court will recommend

Defendants' motion to revoke IFP status be granted.

### *Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 32)*

Plaintiff seeks the Court's leave to file a second amended complaint "to include newly discovered and newly confirmed facts that were not available at the time of the prior pleading." He contends those facts "concern the progression of Plaintiff's untreated infection into necrotizing fasciitis, emergency hospitalization, above-the-knee amputation, a subsequent surgery, [and] additional injury caused by unsafe ADA equipment upon return to Kern Valley State Prison." Further, Plaintiff states the proposed amendment "clarifies supervisory liability allegations against Wardens Christian Pfeiffer and P. Horn, and properly identifies Doe medical and custody defendants responsible for the alleged constitutional violations."

More specifically, Plaintiff alleges good cause exists for the amendment because "Plaintiff's diagnosis of necrotizing fasciitis, emergency surgery at Adventist Health-Bakersfield, and amputation of Plaintiff's right leg, occurred or were confirmed after" the original complaint was filed; he suffered additional injury "due to a defective wheelchair that collapsed and reopened" the surgical wound; it would clarify the factual basis for his "Eighth Amendment deliberate indifference and failure-to-protect claims, which is necessary for proper screening and adjudication;" and Defendant will not be prejudiced because the case is in its early stages and discovery has not yet commenced.

Defendants oppose Plaintiff's motion for leave to file an amended complaint. Defendants contend Plaintiff's "motion is a dilatory attempt to transform his allegations, and thus, manufacture imminent danger after" Defendants moved to revoke his IFP status. They maintain Plaintiff "indisputably could have asserted factual allegations about the medical appointments that he missed in 2022 when he filed his operative complaint in May 2024," but instead waited until Defendants filed their motion to revoke his IFP status. Defendants note Plaintiff is an experienced litigator "who knew the import of including those allegations at the time he brought suit." Further, Defendants argue Plaintiff's "attempt to amend his complaint will also prejudice Defendants Pfeiffer and San Antonio by requiring them to litigate unrelated claims involving Warden P. Horn, 10 doe custody defendants, and 10 doe medical defendants." They maintain that because

the claims against Horn and the 20 unnamed defendants "are unrelated, they are also improperly joined." Further, Defendants contend granting Plaintiff leave to amend would be futile because Plaintiff "fails to set forth any dates in his proposed Second Amended Complaint … concerning when the 20 doe defendants acted," making only conclusory and vague factual assertions regarding 10 unnamed custody staff. Plaintiff did "not allege any personal participation" by the 10 unnamed medical staff, and therefore, has failed to state a cognizable claim.

Applicable Legal Standards

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" when amending as a matter of course is unavailable. It further provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations, internal quotation marks & brackets omitted).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Those factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor"). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Analysis

First, there are indications of dilatory motive and undue delay here. Plaintiff only moved

11

for leave to file an amended complaint after Defendants filed their motion to revoke his IFP status. Defendants filed their motion on September 4, 2025, and Plaintiff filed his motion about four months later, on January 5, 2026. Plaintiff's original complaint was filed February 20, 2024, or nearly two years before his motion for leave to amend. And although Plaintiff contends the proposed amendments would allow for "newly discovered and newly confirmed facts" to be asserted, Plaintiff often omits date references. Thus, it is unclear how any diagnosis, surgery and amputation is "newly discovered or newly confirmed." *Johnson*, 356 F.3d at 1077.

Second, the Court considers prejudice to the Defendants. Although Plaintiff asserts Defendants would not be prejudiced because this action is in its early stages and discovery has not yet commenced, Defendants Pfeiffer and San Antonio answered Plaintiff's first amended complaint on September 11, 2025, one week after filing their motion to revoke Plaintiff's IFP status. And Defendants Pfeiffer and San Antonio assert that unrelated medical claims would "dramatically expand[] the scope of discovery, increasing the resources and timeframe for this case, and requiring multiple, unrelated dispositive motions." Defendants maintain the Court should require Plaintiff to "bring his novel allegations concerning medical appointments in 2022 and wheelchair in 2025" in a separate lawsuit. Given the undersigned's determination above that Plaintiff did not meet the imminent danger of serious physical injury exception at the time he filed his original complaint, and what appears to be a dilatory motive on Plaintiff's part by filing a motion for leave to file an amended complaint only after Defendants moved to revoke his IFP status, the undersigned perceives prejudice to Defendants in these circumstances, despite the fact this action is in its early stages and a discovery and scheduling order has not yet been issued. *Johnson*, 356 F.3d at 1077.

Significantly, the lodged second amended complaint, like the original and first amended complaints, refers to events in October 2022 involving Defendant San Antonio and Pfeiffer. But then it jumps forward in time to August 2025 (*see* Doc. 33 at 3-4 [proposed second amended complaint]) before asserting "[c]ustody and medical staff ordered Plaintiff to roll away from medical, denying treatment entirely" (*id*. at 4), and that he received a pre-operative diagnosis of necrotizing fasciitis and underwent emergency surgery on August 14, 2025, where Plaintiff's

right leg was amputated above the knee (*id*.). It is unclear how either Defendant Pfeiffer or San Antonio were involved in the events occurring in August 2025, if at all, nor does Plaintiff make any attempt to explain the almost three year gap between the actions in October 2022 and the events of August 2025. Thus, Plaintiff's "newly discovered and newly confirmed" facts do nothing to explain a "progression of Plaintiff's untreated infection" leading to necrotizing fasciitis and amputation in 2025.

Next, Plaintiff alleges that about a month later — so mid-September 2025 — upon his return to Kern Valley State Prison, his "wheelchair was defective and held together with rope, tape, and torn sheets" and when he attempted to sit in it, it collapsed, causing him to "fall directly onto [his] freshly amputated limb," "crack[ing] open the surgical wound" and causing extreme pain and heavy bleeding. (*Id*. at 5.) Plaintiff contends he "was denied immediate medical care because medical staff initially refused treatment unless Plaintiff had a 'safe wheelchair,' requiring custody to intervene." (*Id.*) Plaintiff further alleges "Defendant Warden Horn presides over these continuing unconstitutional conditions, including unsafe ADA equipment and chronic delays in medical care." Again, it is unclear how either Defendant Pfeiffer or San Antonio were involved in any events concerning a wheelchair in September 2025, if at all. And vague references to "medical staff" in the lodged second amended is not "properly identif[ying] Doe medical … defendants responsible for the alleged constitutional violations," as asserted by Plaintiff. Simply put, Plaintiff's vague and conclusory allegations against ten unnamed custody officers and ten unnamed medical staff persons concerning events that occurred six months or more after he filed this action do not weigh in favor of granting Plaintiff leave to amend. And the allegations against proposed Defendant Horn fail to state a claim: there are no allegations of personal participation, nor any allegations that meet the requirements of supervisory liability.

As Defendants correctly point out, Plaintiff may not change the nature of this suit by adding new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).[2] Following screening of the first amended complaint, this

---

[2] Plaintiff was advised of the same in the Court's First Screening Order issued April 17, 2024. (*See* Doc. 7 at 13.)

13

action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Pfeiffer and San Antonio, and Eighth Amendment failure to protect claim against Defendant San Antonio, all relating to events occurring in September or October 2022. (*See* Doc. 13.) Permitting the proposed amendments would result in unrelated claims against unrelated defendants, and involve different and/or unspecified time periods, in violation of Rules 18(a)[3] and 20(a)(2)[4] of the Federal Rules of Civil Procedure.

Given the above, and returning to consideration of the relevant factors, the proposed amendments are futile because they violate Rules 18 and 20 of the Federal Rules of Civil Procedure. *Johnson*, 356 F.3d at 1077.

Next, Plaintiff had a prior opportunity to amend his complaint following screening. (*See* Docs. 7 & 9.)

In sum, considering all relevant factors, the undersigned concludes Plaintiff's motion for leave to file a second amended complaint must be denied. *Carvalho*, 629 F.3d at 892; *Johnson*, 356 F.3d at 1077; *Eminence Capital, LLC*, 316 F.3d at 1052; *Jackson*, 902 F.2d at 1387.

### III.   ORDER AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** that Plaintiff's motion for leave to file an amended complaint (Doc. 32) is **DENIED**.

Further, the Court **HEREBY RECOMMENDS** that:

1.   Plaintiff's motion for reconsideration (Doc. 36) be **DENIED**; and

2.   Defendants' motion to revoke IFP status (Doc. 24) be **GRANTED** and that Plaintiff be ordered to pay the full filing fee for this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

---

[3] "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

[4] "Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

15