UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEVINGSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-00218-JLT-EGC (PC)<br><br>**ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO WAIVE OR MODIFY FILING FEES**<br><br>(Doc. 43) |

Plaintiff Byron Levingston is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff's application to proceed in forma pauperis[1] was granted on March 13, 2024. (Doc. 6.)

On June 8, 2026, Plaintiff filed a document titled "Regarding: In forma pauperis." (Doc. 43.)[2] [3] Plaintiff states he filed a prior civil complaint" and was charged 20% of all incoming

---

[1] In his application, Plaintiff agreed to the following: "Additionally, once eligibility is established, I further authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2)." (Doc. 5 at 2.)

[2] The single-page document was entered on June 12, 2026, and docketed as a "Notice re IFP."

[3] On June 10, 2026, the undersigned issued Findings and Recommendations to Grant Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status. (Doc. 42.) The findings remain pending final determination by the assigned district judge.

monies" he received, but he has been unable "to fully pay off the prior filing fee." Plaintiff indicates his mother was his "only support system" but she has passed and he no longer enjoys her support. He states this action "is also charging [him] 20%" toward the filing fee. Plaintiff contends "it is very stressful and hard to pay for two filing fees in which one has been active for years." He requests for "some form of mercy" and asks the Court to forgive one of the filing fees, to suspend the filing fee in this action "until a settlement or judgment has been reached" and to "lower payments to 5% [in this action] until fully paid off."

The Court construes Plaintiff's notice to be a motion to waive or modify filing fees. No response by Defendants is necessary.

**II.    DISCUSSION**

Title 28 of the United States Code section 1915 states, in pertinent part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)-(2).

A prisoner who has filed multiple lawsuits is required to make monthly installment payments of filing fees, on a case-by-case basis, by paying 20 percent of his monthly income toward filing fees, regardless of the number of cases he has filed. *Bruce v. Samuels*, 577 U.S. 82, 87 (2016) ("simultaneous, not sequential, recoupment of multiple filing fees" is required by 28 U.S.C. § 1915(b)(2)). "Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee." *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff is required to pay the full filing fee for this action and any prior action wherein he was granted in forma pauperis status. 28 U.S.C. § 1915. The Court has no authority to waive the filing fee for the prior action or to waive or modify the filing fee for this action. *Bruce*, 577 U.S. at 87; *see also Turner v. Castillo*, No. 1:23-cv-01449-NODJ-BAM (PC), 2024 WL 115689, at *1 (E.D. Cal. Jan. 10, 2024) (denying motion to request relief from filing fees, citing *Bruce*, and holding "the simultaneous deductions from Plaintiff's inmate trust account to pay multiple outstanding filing fees were lawful and properly made. As such, no relief from CDCR's deduction of funds from Plaintiff's trust account is warranted"); *Maraglino v. Espinosa*, No. 1:17-cv-01535 JLT BAM (PC), 2024 WL 3917180, at *1 (E.D. Aug. 23, 2023) (citing *Bruce* and denying motion for relief from filing fee). Nor does section 1915 permit a refund or the return of any filing fee paid. *See Bettencourt v. McCabe*, No. 1:17-cv-00646-DAD-SAB, 2022 WL 1557674, at *1-2 (E.D. Cal. May 17, 2022) (denying request to stop or discontinue withdrawal of funds from inmate trust account and holding "Plaintiff became liable for the filing fee upon the filing of this complaint in this case. The subsequent dismissal of this action does not absolve Plaintiff of the obligation and 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from having to pay the filing fee in full"); *Soares v. Paramo,* No. 3:13-cv-02971-BTM-RBB, 2018 WL 5962728, at *2 (S.D. Cal. Nov. 14, 2018) (observing that "[Section] 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee ..., after the civil action has been consolidated, settled, or dismissed for any reason").

In sum, the Court may not "forgive" or waive a filing fee, "suspend" any filing fee pending a settlement or judgment, or modify or lower any payment terms. Plaintiff is required to

pay the full filing fee for each action he has filed in this Court.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that Plaintiff's construed motion to waive or modify filing fees (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 15, 2026**

UNITED STATES MAGISTRATE JUDGE

4