UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON LEVINGSTON,

          Plaintiff,

    v.

CHRISTIAN PFEIFFER, et al.,

          Defendants.

Case No.: 1:24-cv-00218-JLT-EGC (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

(Doc. 45)

Plaintiff Byron Levingston is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    INTRODUCTION

On June 22, 2026, Plaintiff filed a document titled "Request for Appointment of Counsel and Declaration of Indigency." (Doc. 45.) In relevant part, Plaintiff requests the appointment of counsel because Plaintiff claims the pending issues are complex, he is indigent and unable to afford counsel, he has limited access to the library, he is an amputee with impaired hearing and mobility, and having appointed counsel would better present evidence and examine witnesses. (*Id.*)

## II.    DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff's complaint and first amended complaint were screened as required by 28 U.S.C. section 1983 (*see* Docs. 7 & 13), and Defendants Pfeiffer and San Antonio have filed an answer to the operative complaint (*see* Doc. 26).[1] Thus, it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants San Antonio and Pfeiffer, and an Eighth Amendment failure to protect claim against Defendant San Antonio. Those claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the

---

[1] Plaintiff's motion for leave to file second amended complaint was denied on June 10, 2026. (Doc. 42 at 10-14.)

presence of counsel"); *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated LaMere had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"); *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs ... is not complex"); *Ireland v. Solano County Jail*, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same). And a review of the docket for this action reveals Plaintiff has no difficulty filing moving papers and objections. (*See, e.g.*, Doc. 36 [motion for reconsideration] & Doc. 46 [objections to findings and recommendations].)

Plaintiff is further advised that indigence and incarceration do not amount to exceptional circumstances. *See, e.g.*, *Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [ ] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"). Further, "[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel." *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015); *see also Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr.

12, 2017) (finding that limited law library access is also a circumstance common to most prisoners and does not establish an exceptional circumstance).

Additionally, Plaintiff's limited hearing and mobility do not constitute exceptional circumstances. *See Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence").

Plaintiff also contends that conflicting testimony will be likely at trial and counsel would better present evidence and examine witnesses. (Doc. 45.) Plaintiff is advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at an evidentiary hearing or trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO-PC, 2015 WL 2409281, at *1 (E.D. Cal. May 19, 2015) ("this case does not present 'exceptional circumstances' supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing"); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist; *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate

4

the presence of complex legal issues warranting a finding of exceptional circumstances").

There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). Where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court HEREBY ORDERS that Plaintiff's request for the appointment of counsel (Doc. 45) is DENIED.

IT IS SO ORDERED.

Dated:   **June 26, 2026**                           _____
                                                      UNITED STATES MAGISTRATE JUDGE