UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEVINGSTON,<br>Plaintiff,<br>v.<br>CHRISTIAN PFEIFFER, et al.,<br>Defendants. | Case No.: 1:24-cv-00218-JLT-EGC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO GRANT DEFENDANTS' MOTION TO REVOKE IN FORMA PAUPERIS STATUS<br><br>(Docs. 24, 36, 42) |

Byron Levingston is a state prisoner proceeding pro se and in forma pauperis against former prison warden Christian Pfeiffer and prison correctional officer W. San Antonio, pursuant to 42 U.S.C. § 1983. (Docs.1, 9, 13). Plaintiff asserts claims of Eighth Amendment deliberate indifference to serious medical needs against defendants San Antonio and Pfeiffer, and Eighth Amendment failure to protect against defendant San Antonio, which arose while he was housed at Kern Valley State Prison. (*Id.*). Defendants seek to revoke plaintiff's in forma pauperis status, pursuant to 28 U.S.C. § 1915(g). (Doc. 24). Plaintiff seeks reconsideration of the Court's order striking his opposition to defendants' motion and deeming that motion unopposed, pursuant to Federal Rule of Civil Procedure 72(a) and the Court's inherent authority. (Doc. 36). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge recommended that plaintiff's motion for reconsideration be

denied, finding plaintiff failed to make any sufficient supporting proffer. (Doc. 42 at 3-7). The magistrate judge recommended defendants' motion to revoke plaintiff's IFP status be granted, finding defendants documented at least three strikes, and the absence of imminent danger. (*Id.* at 7-10). Relatedly, the magistrate judge denied plaintiff's motion for leave to file a lodged second amended complaint, noting plaintiff's lack of diligence, perceived prejudice to defendants, joinder of unrelated claims and defendants, and futility of the amended pleading. (*Id*. at 10-14).

The Court served the findings and recommendations to plaintiff, warned him that objections were due within 14 days, and advised that the "failure to file objections within the specified time may result in waiver of his rights on appeal." (*Id*. at 14-15, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Plaintiff timely objected to the findings and recommendations. (Doc. 46). Defendants timely responded to plaintiff's objections. (Doc. 47).

Having carefully reviewed the entire matter de novo pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court concludes the findings and recommendations to be supported by the record and proper analysis. Even if plaintiff's could object to the magistrate judge's finding of no imminent danger by newly alleging a "continuous injury" supported by exhibits first proffered with his objections, he does not provide a basis to not adopt the findings and recommendations. (*See* Doc. 46 and Exhibits A and B thereto; Doc. 42 at 7-10, 15).

The Court has no occasion to consider the magistrate judge's denial of plaintiff's motion for leave to file a second amended complaint because plaintiff has not lodged any objection thereto. (*See* Doc. 46; Fed. R. Civ. P. 72(a)).

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued June 10, 2026 (Doc. 42) are **ADOPTED** in full.
2. Plaintiff's motion for reconsideration (Doc. 36) is **DENIED**.
3. Defendants' motion requesting an order revoking plaintiff's *in forma pauperis* status (Doc. 24) is **GRANTED**.
4. The March 13, 2024 order granting plaintiff's application to proceed *in forma pauperis* (Doc. No. 6) is **VACATED**.

5. The March 13, 2024 order directing the California Department of Corrections and Rehabilitation to make payments to the Court from plaintiff's prison trust account for payment of the filing fee for this action (Doc. 6) is **VACATED.**

6. Plaintiff's *in forma pauperis* status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

7. Within 30 days from the date of service of this order, plaintiff shall **PAY** both the $350.00 filing fee and the $55.00 administrative fee for a civil action in full to proceed with this action.

8. Failure to pay the filing and administrative fees within the allotted time will result in **DISMISSAL** of this action.

9. The Clerk of the Court is **DIRECTED TO SERVE** a copy of this order on the Director of the California Department of Corrections and Rehabilitation and on the Financial Department of the U.S. District Court for the Eastern District of California, Fresno Division.

IT IS SO ORDERED.

Dated: September 21, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE