UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BYRON LEVINGSTON,

Plaintiff,

v.

CHRISTIAN PFEIFFER, et al.,

Defendants.

Case No.: 1:24-cv-00218-JLT-EGC (PC)

**ORDER GRANTING REQUEST FOR EXTENSION OF TIME WITHIN WHICH TO PAY FULL FILING FEE**

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

(Doc. 51)

<u>14-Day Objection Period</u>

Plaintiff Byron Levingston is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

On September 21, 2026, Plaintiff's *in forma pauperis* status was revoked and he was ordered to pay the full filing fee for this action within 30 days. (Doc. 50.)

On October 15, 2026, Plaintiff filed a document titled "Plaintiff's Motion Asking the Court for 45 Day Extension and Injunctive Relief Prohibiting California Department of Corrections and Rehabilitations Reading and Opening Incoming Mail from Court Without the Presence of Plaintiff." (Doc. 51.)

## II. DISCUSSION

The Requested Extension of Time

Plaintiff seeks an additional 45 days within which to pay the full filing fee for this action. Specifically, Plaintiff states that he sent a request to "the Inmate Trust Office to take all incoming funds to fully pay all Court filing fees" in this action. Further, Plaintiff states his brother sent him $150, presumably to cover the remaining balance, but prison officials directed a total of $60 of those funds to two previously filed actions instead. He asserts he is making a good faith effort to comply with the Court's order. Plaintiff's request is supported by a copy of an Inmate Request for Interview form dated October 4, 2026, an Inmate Receipt dated October 5, 2026, and an Inmate Statement Report dated October 5, 2026.

District courts have broad discretion to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Additionally, the district court has broad discretion to control its docket, including ruling on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

Here, good cause exists to grant the requested extension of time. Plaintiff will be afforded an additional 45-days within which to pay the $405 filing fee minus any previously paid sums.[1]

Plaintiff Is Not Entitled To Injunctive Relief

Plaintiff also seeks "an injunction against CDCR for allowing its agents, employees and all persons acting in concert or [participation] to not only holding onto plaintiff's legal mail beyond the normal security [protocol] to protect the safety and security of the institution but also opening [his] legal mail without being in the presence of the plaintiff in this action." Specifically, Plaintiff states the Court's September 21 order was postmarked September 22, 2026, and he signed for it on September 29, 2026, "only to notice the envelope had previously been opened."

[1] The Inmate Statement Report dated October 5, 2026, indicates the current balance of the originally ordered $350 filing fee is $127.42. (Doc. 51 at 7.) Therefore, as of that date, Plaintiff owes the remaining sum of $182.42 (127.42 [remaining balance] + $55 [administrative fee].)

***Applicable Legal Standard***

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

First, Plaintiff's motion seeks an order directed to "CDCR," but CDCR is not a party to this action and despite Plaintiff's assertion that its agents are "acting in concert" to delay and

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

interfere with his legal mail, one incident involving mail directed to Plaintiff by this Court does not warrant the extraordinary relief he seeks. Fed. R. Civ. P. 65(d)(2)(A)-(C); *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727-28. Second, the Court does not have authority to grant the relief Plaintiff seeks because the request is not based on the claims pled in Plaintiff's operative complaint. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Pfeiffer and San Antonio and Eighth Amendment failure to protect claim against Defendant San Antonio following an incident in October 2022 at Kern Valley State Prison; it does not involve allegations concerning Plaintiff's right to send and receive mail. *Pac. Radiation Oncology, LLC*, 810 F.3d at 633. Further, Plaintiff makes no showing whatsoever that he is likely to succeed on the merits, to suffer irreparable harm in the absence of the requested relief, that the balance of equities tips in his favor or that the injunction is in the public interest. *Glossip*, 576 U.S. at 876. To the extent Plaintiff's assertions can be construed to assert future injury, any such assertions are conclusory and speculative. *Stevens v. Harper,* 213 F.R.D. 358, 370 (E.D. Cal. 2002); *Goldie's Bookstore v. Superior Court,* 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury").

In sum, Plaintiff is not entitled to the extraordinary relief he seeks and the undersigned will recommend Plaintiff's request be denied. Fed. R. Civ. P. 65(d)(2)(A)-(C); *Winter*, 555 U.S. at 20, 24; *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727-28.

## III. ORDER AND RECOMMENDATION

For good cause shown, the Court **HEREBY ORDERS** that Plaintiff's request for a 45-day extension of time within which to pay the full filing fee for this action is **GRANTED**. Plaintiff **SHALL** pay the full filing fee **within 45 days** of the date of service of this order.

Further, for the reasons explained above, the Court **HEREBY RECOMMENDS** that Plaintiff's request for injunctive relief (Doc. 51) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 19, 2026**

Erin Sky Castillo
UNITED STATES MAGISTRATE JUDGE